IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00483-MSK-MJW

CHARLES CASHION,

    Plaintiff,

v.

SCHNECK & SCHNECK, INC.,
JASON SCHNECK,

    Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS SCHNECK & SCHNECK, INC., AND JASON SCHNECK
(DOCKET NO. 40)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on Plaintiff's Second Motion for Default Judgment Against Defendants Schneck & Schneck, Inc., and Jason Schneck (docket no. 40). The court has reviewed the subject motion (docket no. 40) and the exhibits attached thereto. The defendants have not filed any response to the subject motion. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. Furthermore, the court has considered the testimony and credibility of Plaintiff's counsel, Tracey Tiedman. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That a hearing was held on Plaintiff's Second Motion for Default Judgment Against Defendants Schneck & Schneck, Inc., and Jason Schneck (docket no. 40) before Magistrate Judge Watanabe on September 19, 2011, consistent with <u>Venable v. Haislip</u>, 721 F.2d 297, 300 (10th Cir. 1983); and <u>Hunt v. Inter-Globe Energy, Inc.</u>, 770 F.2d 145, 148 (10th Cir. 1985);

5. That defendants Schneck & Schneck, Inc., and Jason Schneck failed to appear for this hearing even though they were given notice of this hearing. See minute order (docket no. 35);

6. That defendant Schneck & Schneck, Inc., was served with a copy of the summons and complaint on April 27, 2011. See docket no. 15. Defendant Jason Schneck was served with a copy of the summons and complaint on March 8, 2011. See docket no. 7. Both defendants have failed to answer or otherwise respond to the complaint (docket no. 1), and therefore both defendants have admitted the factual allegations in the complaint. <u>See, e.g.</u>

Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996);

7. That the Clerk of Court entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against defendant Schneck & Schneck, Inc., on June 6, 2011, and against defendant Jason Schneck on May 18, 2011. See docket nos. 27 and 18;

8. That defendants Schneck & Schneck, Inc., and Jason Schneck are not infants or incompetent, officers or agents of the State of Colorado, or in the military service;

9. That per the complaint (docket no. 1), plaintiff is seeking statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

10. That although the plaintiff's affidavit for attorney fees seeks attorney fees in the amount of $6,157.00, plaintiff's counsel stated, during this hearing, that plaintiff is seeking only $3,500.00 in attorney fees and not $6,157.00; and

11. That the benchmark for an award of attorney's fees under nearly all of the federal statutes authorizing an award of attorney's fees is that the amount of the fees awarded be reasonable. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d

1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984) overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989). Taking these factors into consideration, this court finds that the hourly rates charged and the time spent by plaintiff's attorneys are fair and reasonable hourly rates for attorneys practicing law in Denver, Colorado, at the requested lower amount of $3,500. Furthermore, the court finds that the sum of $3,500 in attorney's fees and $500.00 in costs are fair, reasonable, and necessary in prosecuting this case.

**RECOMMENDATION**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That Plaintiff's Second Motion for Default Judgment Against Defendants Schneck & Schneck, Inc., and Jason Schneck (docket no. 40) be GRANTED;

2. That default judgment enter in favor of the plaintiff Charles Cashion and against the defendants Schneck & Schneck, Inc., and Jason Schneck, jointly and severally, in the statutory amount of $1,000.00

          pursuant to 15 U.S.C. § 1692k(a)(2)(A) plus reasonable and necessary attorney fees in the amount of $3,500.00, and court costs in the amount of $500.00 pursuant to 15 U.S.C. § 1692k(a)(3) shall be taxed by the Clerk of Court consistent with Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date that judgment is entered by Judge Krieger until the judgment is fully paid; and

3. That the earlier Motions for Default Judgment (docket nos. 21 and 30) be denied as moot.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**


**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 20th day of September 2011.

BY THE COURT

<u>s/Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE